IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ARTHUR WADE HOLMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:18-CV-978-WHA |
| | ) | (WO) |
| MOBILE WORK RELEASE (DOC), | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Arthur Wade Holmes, an inmate currently incarcerated at the Houston County Jail, in which he challenges the constitutionality of actions which occurred during his incarceration at the Mobile Work Release Facility in November or December of 2016.  Doc. 1 at 1–2.

Upon review of the complaint, the court finds that this case should be transferred to the United States District Court for the Southern District of Alabama pursuant to 28 U.S.C. § 1406.[1]

**II.  DISCUSSION**

---

[1] Upon initiation of this civil action, Holmes filed an application for leave to proceed *in forma pauperis*.  Doc. 2. However, under the circumstances of this case, the court concludes that the assessment and collection of any filing fee should be undertaken by the United States District Court for the Southern District of Alabama.

A 42 U.S.C. § 1983 "action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The law further provides that when a case is filed "laying venue in the wrong division or district" the court may, "if it be in the interest of justice, transfer such case to any district . . . where it could have been brought." 28 U.S.C. § 1406(a); *see also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]").

The Mobile Work Release Facility is located within the jurisdiction of the United States District Court for the Southern District of Alabama. Thus, the actions about which Holmes complains occurred in the Southern District of Alabama. Moreover, it is clear from the complaint that the individuals responsible for the actions about which Holmes complains reside in the Southern District of Alabama. Under these circumstances, the claims asserted by Holmes are beyond the venue of this court. However, it is clear from the face of the complaint that the

proper venue for this cause of action is the United States District Court for the Southern District of Alabama.

In light of the foregoing, the court finds that in the interest of justice and for the convenience of the parties, this case should be transferred to the United States District

for the Southern District of Alabama for review and disposition.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Southern District of Alabama pursuant to the provisions of 28 U.S.C. § 1406(a).

On or before **December 10, 2018**, the plaintiff may file objections to the Recommendation.  Any objection must specifically identify the findings in the Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the plaintiff from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district

court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 26th day of November, 2018.

_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE